**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

99.7311

---

**AMOS FINANCIAL, LLC,**

   **Plaintiff**

**vs.**                                          NO.  **2:22-cv-02059-JPM**

**FIRST HORIZON BANK,**

   **Defendant**

---

**FIRST AMENDED COMPLAINT**

---

     Plaintiff, Amos Financial, LLC, by and through counsel, files its First Amended Complaint for damages and equitable relief against Defendant, First Horizon Bank, and for cause of action would states, follows:

## PARTIES, JURISDICTION AND VENUE

     1.    Plaintiff, Amos Financial LLC ("Amos") is a foreign limited liability company, duly registered with its principal place of business in Illinois.

     2.    Defendant, First Horizon Bank ("First Horizon") is a foreign corporation, duly registered with its principal place of business in Tennessee.

     3.    This court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S. Code § 1332. There is complete diversity and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.00. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

4.      Amos has retained the undersigned attorney and has agreed to pay a reasonable fee for their services.

5.      All conditions precedent to filing this action have occurred, been performed, been waived or, otherwise, are futile.

## GENERAL ALLEGATIONS

6.      Amos is in the business of purchasing and servicing consumer and commercial loan pool portfolios.

**7.**      First Horizon is a Tennessee state-charted bank that along with providing banking services in Florida, sells certain loans.

8**.**      First Horizon and Amos signed an Asset Sale Agreement dated December 3, 2020 ("Asset Sale Agreement") wherein Amos purchased certain loans from First Horizon. The Asset Sale Agreement with appropriate redactions is attached hereto as Exhibit "A" and is incorporated herein by reference.

**9.**      Bids for the sale of the loans under the Asset Sale Agreement were taken based on a percentage of the principal balances of the loans being sold under the Asset Sale Agreement.

10.      The purchase price that Amos paid to acquire the loans was based on a percentage of the principal balances of the loans being sold under the Asset Sale Agreement.

11**.**      On December 14, 2020 the closing occurred ("Closing Date") and Amos paid the purchase price to acquire the loans sold under the Asset Sale Agreement.

12**.**      In Section 6.2.4 of the Asset Sale Agreement First Horizon represented and warranted that, "the statement of the principal balances for the Loan(s) set forth in Schedule A is true and correct as of the date of calculation."

13**.**      In Section 6.2.6 of the Asset Sale Agreement First Horizon Bank represented and warranted that the Review File, "includes all material documents in the possession of the Seller".

2

14**.**     The term "Review File" is a defined term in the Asset Sale Agreement.

15**.**     In Section 6.2.3 of the Asset Sale Agreement First Horizon represented and warranted that, "[t]o the best of the Seller's knowledge, the Obligor has no valid defense that prevents enforcement by the holder thereof of the provisions of the Note(s)," and First Horizon represented and warranted that, "[t]o the best of the Seller's knowledge, the Loan(s) are not subject to any valid right of rescission, set-off, abatement, diminution, counterclaim or defense that prevents enforcement by the Seller thereof or its assigns of the provisions of the Note(s)".

16**.**     The term "Obligor" is defined in the Asset Sale Agreement to mean the maker of the Note and any guarantor.

17.     The term "Loan(s)" is defined in the Asset Sale Agreement to mean the loan obligations and debts evidenced by the Note(s), and, inter-alia, each Collateral Document.

18**.**     The term "Collateral Document" is defined in the Asset Sale Agreement to mean, inter-alia, guaranties for the Loan(s).

19.     In Section 6.2.9 of the Asset Sale Agreement First Horizon represented and warranted that, "[t]o the best of the Seller's knowledge, there is no litigation, proceeding or governmental investigation pending, or any order, injunction or decree outstanding, existing or relating to the Loan(s)".

20**.**     Due to privacy protections for filings made with the Court, Amos is only listing in the Complaint the last four digits of the loan numbers for the loans which are the subject of this dispute.

## **COUNT I**

### **BREACH OF CONTRACT WITH RESPECT TO LOAN NOS. 7192 AND 8842.**

21.     Amos repeats and re-alleges paragraphs 1 through 20 above, as if fully set forth herein.

22.     The principal balances listed in the Asset Sale Agreement for Loan No. 7192 and Loan No. 8842 are incorrect.

23     The Asset Sale Agreement listed the principal balance for Loan No. 7192 as $515,000.00, and the Asset Sale Agreement listed the principal balance for Loan No. 8842 as $291,884.73.

24.     The borrower for Loan No. 7192 and Loan No. 8842 are the same individual.

25.     Prior to the Closing Date, Loan No. 7192 and Loan No. 8842 both had their balances reduced in Bankruptcy Case No. 8:2013bk01919 in the U.S. Bankruptcy Court for the Middle District of Florida in which First Horizon's predecessor with respect to these two loans, IberiaBank, stipulated and agreed that its claim for Loan No. 7192 was only a secured claim in the amount of $150,000.00 with interest and that the remaining balance for Loan No. 7192 was to be treated as an unsecured claim, and in which IberiaBank's claim for Loan No. 8842 was to be treated as an unsecured claim.

26.     Upon information and belief prior to the Closing Date First Horizon accepted $150,000.00 from the borrower for Loan No. 7192 which satisfied in full its secured claim in Bankruptcy Case No. 8:2013bk01919 leaving Amos approximately only $16,486.00 to be paid on the unsecured claims for Loan No. 7192 and for Loan No. 8842.

27.     The aggregate of the principal balances for Loan No. 7192 and Loan No. 8842 could not have exceeded $16,486.00 as of the Closing Date.

28.     First Horizon breached its representations and warranties in Section 6.2.4 of the Asset Sale Agreement by failing to list the correct principal balances for Loan No. 7192 and Loan No. 8842 in the Asset Sale Agreement.

29.     First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose that it had accepted the $150,000.00 from the borrower for Loan No. 7192 as referenced above in paragraph 26, and/or by failing to produce all material documents in its possession related to Loan No. 7192 and Loan No. 8842.

30.     First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement because both Loan No. 7192 and Loan No. 8842 are subject to valid rights of set-off, diminution, and/or defense as a result of the allegations described above in paragraphs 25 and 26.

31.     After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 7192 and Loan No. 8842.

32.     To the present, First Horizon has not repurchased Loan No. 7192 and Loan No. 8842.

33.     By reason of the foregoing First Horizon is liable to Amos for Count I in the amount $314,336.73 exclusive of attorney's fees and other amounts that may be awarded.

## COUNT II

### BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 1521.

34.     Amos repeats and re-alleges paragraphs 1 through 33 above, as if fully set forth herein.

35.     The principal balance listed in the Asset Sale Agreement for Loan No. 1521 was $100,554.61.

36.     Upon information and belief the principal balance for Loan No. 1521 was actually $0.00 as of the Closing Date.

37.     The Review File that was provided for Loan No. 1521 represented that Loan No. 1521 had a guarantor as of the date that the Review File was made available to Amos, which was on or about December 4, 2020.

38.     The guarantor for Loan No. 1521 received a discharge in Bankruptcy Case No. 8:2011bk22028 in the U.S. Bankruptcy Court for the Middle District of Florida.

39.     The guarantor for Loan No. 1521 was the debtor in Bankruptcy Case No. 8:2011bk22028.

40.     In Bankruptcy Case No. 8:2011bk22028 there was filed a motion to approve controversy between First Horizon's predecessor with respect to Loan No. 1521, Florida Bank, and the debtor in Bankruptcy Case No. 8:2011bk22028 and the borrower for Loan No. 1521 which was filed as Doc 27 ("Motion to Approve Controversy"). In Bankruptcy Case No. 8:2011bk22028 an order was entered granting the Motion to Approve Controversy which was filed as Doc 32.

41.     Upon information and belief Florida Bank settled with both the borrower and the guarantor for Loan No. 1521.

42.     First Horizon breached its representations and warranties in Section 6.2.4 of the Asset Sale Agreement by failing to list the correct principal balance for Loan No. 1521 in the Asset Sale Agreement.

43.     First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose the existence of Bankruptcy Case No. 8:2011bk22028 and/or by failing to produce all material documents in its possession related to Loan No. 1521.

44.     First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose that Florida Bank had settled with the borrower and guarantor for Loan No. 1521.

45.     First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement by falsely representing that the guarantor for Loan No. 1521 had no valid defense when in fact the guarantor has a defense which is the discharge that the guarantor received in Bankruptcy Case No. 8:2011bk22028.

46.     First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement because Loan No. 1521 is subject to valid rights of set-off, diminution, and/or defense as a result of the allegations described above in paragraphs 38, 40, and 41.

47.     First Horizon breached its representations and warranties in Section 6.2.9 of the Asset Sale Agreement by representing that there was no litigation or proceeding relating to Loan No. 1521 and by representing that there was no existing order relating to Loan No. 1521 because First Horizon was aware of both the existence of Bankruptcy Case No. 8:2011bk22028 and the discharge that the guarantor received, but First Horizon failed to disclose the existence of Bankruptcy Case No. 8:2011bk22028 and First Horizon failed to disclose the discharge that the guarantor for Loan No. 1521 received.

48.     After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 1521.

49.     To the present, First Horizon has not repurchased Loan No. 1521.

50.     By reason of the foregoing First Horizon is liable to Amos for Count II in the amount of $41,227.39 exclusive of attorney's fees and other amounts that may be awarded.

## COUNT III

### BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 9149.

51.     Amos repeats and re-alleges paragraphs 1 through 50 above, as if fully set forth herein.

52.     The principal balance listed in the Asset Sale Agreement for Loan No. 9149 was $83,608.06.

53.     Upon information and belief the principal balance for Loan No. 9149 was actually $0.00 as of the Closing Date.

54.     The borrower for Loan No. 9149 received a discharge in Bankruptcy Case No. 1:2016bk43630 filed in the U.S. Bankruptcy Court for the Eastern District of New York.

55.     In Bankruptcy Case No. 1:2016bk43630 First Horizon's predecessor with respect to Loan No. 9149, IberiaBank, entered into with the borrower for Loan No. 9149 a stipulation terminating the automatic stay as to certain collateral which was filed as Doc 10 in Bankruptcy Case No. 1:2016bk43630.

56.     Upon information and belief IberiaBank settled with the borrower for Loan No. 9149 and/or IberiaBank exhausted its efforts to collect on the collateral for Loan No. 9149.

57.     First Horizon breached its representations and warranties in Section 6.2.4 of the Asset Sale Agreement by failing to list the correct principal for Loan No. 9149 in the Asset Sale Agreement.

58.     First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose the existence of Bankruptcy Case No. 1:2016bk43630 and/or by failing to produce all material documents in its possession related to the Loan No. 9149.

59.     First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement by falsely representing that the borrower for Loan No. 9149 had no valid defense when in fact the borrower has a defense which is the discharge that the borrower received in Bankruptcy Case No. 1:2016bk43630.

60.     First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement because Loan No. 9149 is subject to valid rights of set-off, diminution, and/or defense as a result of the allegations described above in paragraphs 54, 55, and 56.

61.     First Horizon breached its representations and warranties in Section 6.2.9 of the Asset Sale Agreement by representing that there was no litigation or proceeding relating to Loan No. 9149 and by representing that there was no existing order relating to Loan No. 9149 because First Horizon was aware of both the existence of Bankruptcy Case No. 1:2016bk43630 and the discharge that the borrower received, but First Horizon failed to disclose the existence of Bankruptcy Case No. 1:2016bk43630 and First Horizon failed to disclose the discharge that the borrower for Loan No. 9149 received.

62.     After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 9149.

63.     To the present, First Horizon has not repurchased Loan No. 9149.

64.     By reason of the foregoing First Horizon is liable to Amos for Count III in the amount of $34,279.30 exclusive of attorney's fees and other amounts that may be awarded.

## COUNT IV

**BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 7267.**

65.     Amos repeats and re-alleges paragraphs 1 through 64 above, as if fully set forth herein.

66.     The principal balance that was listed for Loan No. 7267 on the Asset Sale Agreement was $63,870.87.

67.     The Review File that was provided for Loan No. 7267 represented that Loan No. 7267 had two guarantors as of the date that the that the Review File was made available to Amos, which was on or about December 4, 2020.

68.     In Bankruptcy Case No. 4:2014bk50081 filed in the U.S. Bankruptcy Court Western District of Louisiana, Lafayette Division the two individuals who First Horizon listed as being the guarantors for Loan No. 7267 in the Review File, received discharges.

69.     The borrower for Loan No. 7267 was a limited liability company.

70.     The borrower for Loan No. 7267 was dissolved on or about August 23, 2016.

71.     First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose in the Review File the existence of Bankruptcy Case No. 4:2014bk50081 and/or by failing to produce all material documents in its possession related to Loan No. 7267.

72.     First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose in the Review File that the borrower was dissolved.

73.     First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement by falsely representing that the guarantors for Loan No. 7267 had no valid defense when in fact the guarantors have a defense which is the discharge that the guarantors received in Bankruptcy Case No. 4:2014bk50081.

74.     First Horizon breached its representations and warranties in Section 6.2.3 of the Asset Sale Agreement because Loan No. 7267 is subject to valid rights of set-off, diminution, and/or defense as a result of the allegations described above in paragraph 68.

75.     First Horizon breached its representations and warranties in Section 6.2.9 of the Asset Sale Agreement by representing that there was no litigation or proceeding relating to Loan

No. 7267 and by representing that there was no existing order relating to Loan No. 7267 because First Horizon was aware of both the existence of Bankruptcy Case No. 4:2014bk50081 and the discharge that the guarantor received, but First Horizon failed to disclose the existence of Bankruptcy Case No. 4:2014bk50081 and First Horizon failed to disclose the discharge that the guarantors for Loan No. 7267 received.

76.     After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 7267.

77.     To the present, First Horizon has not repurchased Loan No. 7627.

78.     By reason of the foregoing First Horizon is liable to Amos for Count IV in the amount of $26,187.07 exclusive of attorney's fees and other amounts that may be awarded.

## COUNT V

### BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 9969

79.     Amos repeats and re-alleges paragraphs 1 through 78 above, as if fully set forth herein.

80.     The principal balance that was listed for Loan No. 9969 on the Asset Sale Agreement was $95,702.33.

81.     The payment history that was provided to Amos by First Horizon for this loan lists the principal balance for Loan No. 9969 as $57,679.05.

82.     First Horizon breached its representations and warranties in Section 6.2.4 of the Asset Sale Agreement by failing to list the correct principal for Loan No. 9969 in the Asset Sale Agreement.

83.     After the Closing Date Amos made a Demand for First Horizon to refund to Amos the amount that Amos overpaid for Loan No. 9969 as a result of the incorrect principal balance being listed on the Asset Sale Agreement.

84.     To the present, First Horizon has not issued a refund to Amos for Loan No. 9969.

85.     By reason of the foregoing First Horizon is liable to Amos for Count V in the amount of $15,589.54 exclusive of attorney's fees and other amounts that may be awarded.

**COUNT VI**

**BREACH OF CONTRACT WITH RESPECT TO LOAN NO. 4940**

86.     Amos repeats and re-alleges paragraphs 1 through 85 above, as if fully set forth herein.

87.     The principal balance that was listed for Loan No. 4940 on the Asset Sale Agreement was $34,382.04.

88.      The borrower for Loan No. 4940 filed a chapter 11 bankruptcy proceeding in Bankruptcy Case No. 1:2020bk10825 in the U.S. Bankruptcy Court for the Southern District of Alabama.

89.     The guarantor for Loan No. 4940 filed a chapter 7 bankruptcy proceeding in Bankruptcy Case No. 1:2020bk12049 in the U.S. Bankruptcy Court for the Southern District of Alabama.

90.     IberiaBank filed a proof of claim in Bankruptcy Case No. 1:2020bk12049 on or about September 4, 2020.

91.     First Horizon breached its representations and warranties in Section 6.2.6 of the Asset Sale Agreement by failing to disclose in the Review File the existence of Bankruptcy Case No. 1:2020bk10825, by failing to disclose in the Review File the existence of Bankruptcy Case

No. 1:2020bk12049, and/or by failing to produce all material documents in its possession related to Loan No. 4940.

92.     After the Closing Date Amos made a demand for First Horizon to repurchase Loan No. 4940.

93.     To the present, First Horizon has not repurchased Loan No. 4940.

94.     By reason of the foregoing First Horizon is liable to Amos for Count IV in the amount of $14,096.63 exclusive of attorney's fees and other amounts that may be awarded.

<u>COUNT VII</u>

**BREACH OF CONTRACT AND/OR SPECIFIC PERFORMANCE WITH RESPECT TO LOAN NOS. 5536, 1334, 9928, 8415, 3798, 7828, 3416, 3710, 7619, 1934, 9369, 3675, 0505, 7930, 0093 AND 6419**

95.     Amos repeats and re-alleges paragraphs 1 through 94 above, as if fully set forth herein.

96.     Pursuant to Section 4.1 of the Asset Sale Agreement, First Horizon is required to sign allonges for each of the promissory notes sold to Amos.

97.     Pursuant to Section 4.1 of the Asset Sale Agreement, First Horizon is required to sign assignments of mortgage for each mortgage sold to Amos.

98.     Pursuant to Section 4.4 of the Asset Sale Agreement, First Horizon is required to sign separate loan assignments after the closing for the loans sold to Amos.

99.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 5536 by failing to sign an allonge for the promissory note dated December 13, 2019, despite demand by Amos that First Horizon do so.

100.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 1334 by failing to sign an allonge for the promissory note dated April 17, 2018, despite demand by Amos that First Horizon do so.

101.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 9928 by failing to sign an allonge for the promissory note dated July 10, 2020, despite demand by Amos that First Horizon do so.

102.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 8415 by failing to sign an allonge for the business line of credit agreement and disclosure dated December 13, 2019, despite demand by Amos that First Horizon do so. Further, First Horizon has failed and/or refused to honor its contractual obligations with respect to Loan No. 8415 by failing to sign an assignment of the commercial guaranty dated December 13, 2019, despite demand by Amos that First Horizon do so.

103.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 3798 by failing to sign an allonge for the promissory note dated July 9, 2020, despite demand by Amos that First Horizon do so.

104.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 7828 by failing to sign an allonge for the promissory note dated November 16, 2015, despite demand by Amos that First Horizon do so.

14

105.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 3416 by failing to sign an assignment of mortgage for the multiple indebtedness mortgage dated August 24, 2010, which was recorded as document number 1040081, despite demand by Amos that First Horizon do so.

106.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 3710 by failing to sign an allonge for the business line of credit agreement and disclosure dated January 22, 2019, despite demand by Amos that First Horizon do so.

107.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 7619 by failing to sign an allonge for the business line of credit agreement and disclosure dated June 13, 2017, despite demand by Amos that First Horizon do so.

108.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 1934 by failing to sign an allonge for the promissory note dated April 21, 2016, despite demand by Amos that First Horizon do so.

109.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 9369 by failing to sign an allonge for the promissory note dated July 1, 2020, despite demand by Amos that First Horizon do so.

110.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 3675 by failing to

sign an assignment of the assignment of rents dated August 6, 2013, despite demand by Amos that First Horizon do so.

111.    First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 0505 by failing to sign an assignment of judgment for a judgment dated August 31, 2020, despite demand by Amos that First Horizon do so.

112.    First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 7930 by failing to sign an allonge for the business line of credit agreement and disclosure dated October 18, 2017, despite demand by Amos that First Horizon do so.

113.    First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 0093 by failing to sign an allonge for the promissory note dated March 20, 2019, despite demand by Amos that First Horizon do so.

114.    First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement with respect to Loan No. 6419 by failing to sign an assignment of judgment for a judgment dated June 26, 2019, despite demand by Amos that First Horizon do so.  Further, First Horizon has failed and/or refused to honor its contractual obligations with respect to Loan No. 6419 by failing to sign an assignment of judgment for a judgment dated August 20, 2019, despite demand by Amos that First Horizon do so.

115.    First Horizon's failure to honor its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement as set forth above constitutes a material breach of the Asset Sale Agreement in that First Horizon has failed to provide Amos with the essential documents and

information necessary to recover the debt sold to Amos, which substantially defeats the purpose of the Asset Sale Agreement.

116.    As a result of First Horizon's material breach of the Asset Sale Agreement with respect to the aforementioned Loans, Amos will sustain damages due to its inability to recover and/or collect the debt sold and due to Amos, exclusive of attorney's fees and other amounts that may be awarded.

117.    Alternatively, or additionally, the terms of the Asset Sale Agreement are clear, definite, and free from any suspicion of fraud or unfairness and are capable of being enforced without hardship to either party, and there is no adequate remedy at law for First Horizon's failure to perform its contractual obligations under Sections 4.1 and/or 4.4 of the Asset Sale Agreement as set forth above. Therefore, the equitable relief of specific performance is appropriate under the circumstances to require First Horizon to produce the signed documents in connection with the aforementioned Loans, thereby making it possible for Amos to recover and/or collect the debt sold to Amos, exclusive of attorney's fees and other amounts that may be awarded.

<u>**COUNT VIII**</u>

**BREACH OF CONTRACT AND/OR SPECIFIC PERFORMANCE WITH RESPECT TO LOAN NOS. 5336, 1334, 9928, 3058, 9369, 5203, 4408, 0563 AND 8123.**

118.    Amos repeats and re-alleges paragraphs 1 through 117 above, as if fully set forth herein.

119.    Pursuant to Section 4.3 of the Asset Sale Agreement, First Horizon is required to deliver to Amos the collateral documents for each loan to the extent that they are in the possession of First Horizon.

120.    Pursuant to Section 4.1 of the Asset Sale Agreement, First Horizon is required to deliver to Amos the promissory notes for each loan included in the Asset Sale Agreement.

121.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 5336 by failing to provide Amos with the guaranty signed by the identified guarantor, having the first name Margaret, or by failing to confirm that said guaranty is not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

122.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 1334 by failing to provide Amos with the guaranty signed by the identified guarantor, having the first name Ferrell, or by failing to confirm that said guaranty is not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

123.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 9928 by failing to provide Amos with the guaranty signed by the identified guarantor, having the first name Lisa, or by failing to confirm that said guaranty is not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

124.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 3058 by failing to provide Amos with the guaranty signed by the identified guarantor, having the first name Michelle, or by failing to confirm that said guaranty is not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

125.     First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 9369 by failing to provide Amos with the guaranty signed by the identified guarantor, having the first name Kristie,

or by failing to confirm that said guaranty is not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

126.    First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 5203 by failing to provide Amos with the guaranty signed by the identified guarantor, having the first name Trevor, along with the confirmation letter referenced in a loan document entitled "No Doc/Low Doc" for the Loan, or by failing to confirm that said guaranty and confirmation letter are not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

127.    First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 4408 by failing to provide Amos with the promissory note and allonge corresponding with the commercial security agreement dated August 16, 2019, or by failing to confirm that said promissory note is not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

128.    First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 0563 by failing to provide Amos with the commercial guarantees signed by the identified guarantors, having the first names Carmen and Ramon, corresponding with the most recent promissory note dated June 26, 2015, or by failing to confirm that said commercial guarantees are not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

129.    First Horizon has failed and/or refused to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement with respect to Loan No. 8123 by failing to provide Amos with the guarantee agreements signed by the identified individual guarantors, having the first names Raul, Jorge and Melissa, and the corporate guarantor located in Florida,

corresponding with the most recent promissory note dated February 28, 2018,  or by failing to confirm that said guarantee agreements are not in the possession of First Horizon, despite demand by Amos that First Horizon do so.

130.    First Horizon's failure to honor its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement as set forth above constitutes a material breach of the Asset Sale Agreement in that First Horizon has failed to provide Amos with the essential documents and information necessary to recover the debt sold to Amos, which substantially defeats the purpose of the Asset Sale Agreement.

131.    As a result of First Horizon's material breach of the Asset Sale Agreement with respect to the aforementioned Loans, Amos will sustain damages due to its inability to recover and/or collect the debt sold and due to Amos, exclusive of attorney's fees and other amounts that may be awarded.

132.    Alternatively, or additionally, the terms of the Asset Sale Agreement are clear, definite, and free from any suspicion of fraud or unfairness and are capable of being enforced without hardship to either party, and there is no adequate remedy at law for First Horizon's failure to perform its contractual obligations under Sections 4.3 and/or 4.1 of the Asset Sale Agreement as set forth above. Therefore, the equitable relief of specific performance is appropriate under the circumstances to require First Horizon to produce the signed documents in connection with the aforementioned Loans, thereby making it possible for Amos to recover and/or collect the debt sold to Amos, exclusive of attorney's fees and other amounts that may be awarded.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests judgment as follows:

A.     On Count I awarding damages to Plaintiff in the amount of $314,336.73, and for such other relief as this Court deems just and proper.

B.     On Count II awarding damages to Plaintiff in the amount of $41,227.39, and for such other relief as this Court deems just and proper.

C.     On Count III awarding damages to Plaintiff in the amount of $34,279.30, and for such other relief as this Court deems just and proper.

D.     On Count IV awarding damages to Plaintiff in the amount of $26,187.07, and for such other relief as this Court deems just and proper.

E.     On Count V awarding damages to Plaintiff in the amount of $15,589.54, and for such other relief as this Court deems just and proper.

F.     On Count VI awarding damages to Plaintiff in the amount of $14,096.63, and for such other relief as this Court deems just and proper.

G.     On Count VII granting specific performance of the Asset Sale Agreement requiring First Horizon to produce the signed documents requested herein for Loan Nos. 5536, 1334, 9928, 8415, 3798, 7828, 3416, 3710, 7619, 1934, 9369, 3675, 0505, 7930, 0093 and 6419 and/or awarding damages to Plaintiff in an amount to be shown at the trial of this case, and for such other relief as this Court deems just and proper.

H.     On Count VIII granting specific performance of the Asset Sale Agreement requiring First Horizon to produce the signed documents requested herein for Loan Nos. 5536, 1334, 9928, 3058, 9369, 5203, 4408, 0563 and 8123 and/or awarding damages to Plaintiff in an amount to be shown at the trial of this case, and for such other relief as this Court deems just and proper.

I.        Granting Plaintiff such other and further relief as the Court deems just and proper including, but not limited to, reasonable attorney's fees and costs to the extent permitted by law.

Respectfully submitted,

**McNABB, BRAGORGOS,
BURGESS & SORIN, PLLC**

By:/s/Nicholas E. Bragorgos

Nicholas E. Bragorgos - #12000
Jon W. Tidwell - #34471
Attorneys for Plaintiff, Amos Financial, LLC
81 Monroe Avenue, Sixth Floor
Memphis, Tennessee 38103
(901) 624-0640
nbragorgos@mbbslaw.com
jtidwell@mbbslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2022, a true and correct copy of the foregoing document has been served upon counsel for all parties through the Court's Electronic Filing System (CM/ECF):

/s/Nicholas E. Bragorgos